IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **RETA J. GEORGE-MILES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:03cv1186-D |
| | ) WO |
| **THE PERSONNEL BOARD OF THE** | ) |
| **STATE OF ALABAMA, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

Before the court is Plaintiff's motion to alter, amend or vacate judgment (Doc. No. 42), filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. A Rule 59(e) motion to reconsider should not be granted unless there is: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. Wendy's Intern., Inc. v. Nu-Cape Const., Inc., 169 F.R.D. 680, 684 (M. D. Fla. 1996). Having carefully considered Plaintiff's motion, the court finds that Plaintiff has not shown the existence of an intervening change of law. She also has not produced any new evidence or shown the need to correct a clear error which resulted in manifest injustice. Accordingly, it is CONSIDERED and ORDERED that Plaintiff's motion be and the same is hereby DENIED.

DONE this 27th day of May, 2005.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE