**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **RETA J. GEORGE-MILES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 2:03cv1186-D** |
| | ) | **WO** |
| **THE PERSONNEL BOARD OF THE** | ) | |
| **STATE OF ALABAMA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This cause is before the court on Plaintiff Reta J. George-Miles' objection to bill of costs (Doc. No. 40) and the response thereto, filed by the Alabama Department of Public Safety.  (Doc. No. 43).  For the reasons to follow, the court finds that Plaintiff's objection is due to be overruled in part and sustained in part.

In its bill of costs, Defendant seeks to recover $604.70 for "[f]ees of the court reporter for all or any part of the transcript necessarily obtained for use in the case." (Doc. No. 38 at 1.)  The $604.70 fee pertains to the taking and transcribing of Plaintiff's deposition and includes a $25.00 delivery charge, described as "delivery, local – regular," and a $40.00 expense for a "Lit Support Package."  (Id. at 2.)

Plaintiff objects only to an award of $65.00 in costs for the delivery charge and "Lit Support Package," asserting that "these particular expenses had no impact in the Defendants' Motion for Summary Judgment and were not necessary expenses."  (Doc. No. 40 at 1.)  Defendant counters that it "scheduled the deposition of the plaintiff in this

case in preparation of [its] defense and for summary judgment" and that the two fees to which Plaintiff objects constitute reasonable "costs incurred by" Defendant.  (J. Haran Lowe, Jr., Aff. at 1 (attached to Doc. No. 43).)

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs[.]"  Fed. R. Civ. P. 54(d).  The costs which may be taxed in favor of the prevailing party are specified under 28 U.S.C. § 1920.  Pursuant to § 1920, deposition expenses may be recovered if the deposition was "necessarily obtained for use in the case."  28 U.S.C. § 1920(2).

Although charges pertaining to the delivery of deposition transcripts are not listed in 28 U.S.C. § 1920, "[r]easonable costs associated with depositions, such as postage for the mailing of transcripts, may . . . be taxed."  George v. GTE Directories Corp., 114 F. Supp. 2d 1281, 1298 (M.D. Fla. 2000) (citing United States Equal Employment Opportunity Commission ("U.S.E.E.O.C.") v. W & O, Inc., 213 F.3d 600, 620 (11th Cir. 2000)).  In George, the court taxed as a reasonable cost a $30.00 postage expense charged by a court reporter for mailing deposition transcripts.  See id.  Similarly, the Seventh Circuit has allowed the recovery of charges incurred for the delivery of depositions.  See Finchum v. Ford Motor Co., 57 F.3d 526, 534 (7th Cir. 1995) (holding that trial court did not abuse its discretion in awarding costs "incidental" to the taking of depositions, such as delivery charges by the court reporter, even though those charges are not specifically mentioned in 28 U.S.C. § 1920).

The court finds that Plaintiff's deposition in this case was "necessarily obtained" for use in the summary judgment proceedings, and Plaintiff makes no contention otherwise.  28 U.S.C. § 1920; see also U.S.E.E.O.C., 213 F.3d at 621 (district court may tax costs "'associated with the depositions submitted by the parties in support of their summary judgment motions'") (quoting Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1474 (10th Cir. 1997)).  Furthermore, the court finds that the $25.00 delivery charge is a cost which is "associated" with said deposition, id., and that it is reasonable.  The court, therefore, finds that the $25.00 delivery charge is recoverable pursuant to 28 U.S.C. § 1920(2).

On the other hand, "where the deposition costs were merely incurred for convenience, to aid in a more thorough preparation of the case, . . . the costs are not recoverable."  DiCecco v. Dillard House, Inc., 149 F.R.D. 239, 241 (N.D. Ga. 1993); U.S.E.E.O.C., 213 F.3d at 620.  Defendant has not explained what a "Lit Support Package" entails or why this expense is reasonably necessary, as opposed to merely a convenience.  Because Defendant has not presented any description from which the court can determine whether the "Lit Support Package" was an authorized, reasonable and necessary expense, the court declines to award this cost.[1]

---

[1] To the extent that the "Lit Support Package" involves a cost associated with obtaining a copy of a deposition transcript on a computer disk, courts generally have found that this type of expense is not recoverable under § 1920.  See generally  Kurtis A. Kemper, J.D., Annotation, Propriety under 28 U.S.C. § 1920 and Rule 54(d) of the Federal Rules of Civil Procedure of Allowing Prevailing Party Costs for Copies of Depositions, 155 A.L.R. Fed. 445, §§ 16-17 (1999) (citing cases).

Accordingly, it is CONSIDERED and ORDERED that Plaintiff's objection to bill of costs be and the same is hereby OVERRULED in part and SUSTAINED in part and that the bill of costs is hereby REDUCED by $40.00.  Plaintiff is DIRECTED to pay Defendant's bill of costs in the amount of $564.70.

DONE this 27th day of May, 2005.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE